UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, aka ROBERT L. JACKSON, Booking #17182375,<br><br>                            Plaintiff,<br><br>vs.<br><br>ANGELA K. AURTHUR;<br>LULA AURTHUR;<br>MICHELLE OBAMA, Former First Lady,<br>                           Defendants. | Case No.: 3:18-cv-00491-LAB-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i)** |

     ROBERT HATCHER ("Plaintiff"), currently detained at the San Diego Central Jail ("SDCJ"), identifying himself as a Blackfoot Indian, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against what appear to be two private individuals alleged to reside in Indiana, and Michelle Obama, the former First Lady of the United States. *See* Compl., ECF No. 1 at 2. Plaintiff seeks to bring "criminal charges" against the Defendants for stalking, conspiracy, bribery, murder, and fraud "across state lines." *Id.* at 4-6.

///

Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), instead has he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any

/ / /

2

3:18-cv-00491-LAB-KSC

month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SDCJ trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, Plaintiff's IFP Motion (ECF No. 2) is incomplete and must be **DENIED** because the Court is unable to assess the appropriate amount of the initial filing fee statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

**II.     Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2)**

In addition, while the Court would ordinarily grant Plaintiff leave to correct his IFP Motion's deficiencies, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

A.     Standard of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] ... is frivolous, malicious, or fails to state a claim upon which relief may be

3

granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Here, Plaintiff seeks to bring criminal charges pursuant to 42 U.S.C. § 1983 against two private citizens and the former First Lady. *See* ECF No. 1 at 2. He does not seek redress from or name current governmental actors as Defendants. *Id.* at 1-2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

However, because Plaintiff has filed a motion requesting leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), his Complaint *is* still subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.     Plaintiff's Allegations

As noted above, Plaintiff claims he is a Blackfoot Indian, and he seeks to bring a criminal prosecution against two Indiana citizens and the former First Lady of the United States based on charges of "stalking, conspiracy, bribery, murder, fraud," and false impersonation. *See* ECF No. 1 at 2-5. He adds no further detail and fails to allege any factual basis for these purported violations.

/ / /

/ / /

C.   42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

First, to the extent Plaintiff seeks to bring charges based on alleged criminal acts perpetrated against him as a "victim" and Blackfoot Indian, *see* ECF No. 1 at 4, 6-7, section 1983 offers him no recourse. *See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998) (violations of state law alone do not support a claim of liability under § 1983); *Alexandre v. Phibbs*, 116 F.3d 482 (9th Cir. 1997) (unpub.) (section 1983 claims may not be predicated upon the violation of criminal statutes); *see also Buckheit v. Dennis,* 713 F. Supp. 2d 910, 919 (N.D. Cal. 2010) (citing *Doe v. Connecticut Dept. Of Child & Youth Services*, 911 F.2d 868, 869 (2nd Cir. 1990) ("A violation of state law neither gives plaintiffs a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.")); *Ward v. City of Barstow, et al*., 2017 WL 4877389, at *16 (C.D. Cal. June 23, 2017) (finding alleged violation of the California Penal Code "cannot form the basis of a federal claim under § 1983" as a matter of law), *report and recommendation adopted sub nom. Ward v. City of Barstow*, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017).

What is more, Plaintiff's suit is plainly frivolous. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law." (citation and internal quotation marks omitted). A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives

courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

While conclusory, disjointed, and incoherent, Plaintiff's suit clearly has no basis in law, and his claims appear grounded in delusion, are facially irrational, and wholly incredible. Therefore, Plaintiff's Complaint demands sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). *See Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324; *see also Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *Frost v. Vasan,* No. 16-CV-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment him); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (dismissing as frivolous complaint alleging plaintiff was captured by pirates disguised as law enforcement officers); *Reid v. Mabus*, 2015 WL 9855875, at *1 (D. Ore. Nov. 16, 2015) (dismissing complaint alleging a massive conspiracy targeting 300,000 individuals with "electronic harassment").

If a Plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.

## III. Conclusion and Order

Accordingly, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2];

2. **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and **DENIES** leave to amend as futile. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted).

    3.    **CERTIFIES** that an IFP appeal from this Order would be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

    4.    **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: March 21, 2018

HON. LARRY ALAN BURNS
United States District Judge